# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fif h Circuit

**FILED**

December 8, 2016

Lyle W. Cayce
Clerk

No. 15-60856
Summary Calendar

CITIGROUP TECHNOLOGY, INCORPORATED; CITICORP BANKING
CORPORATION, (parent) a subsidiary of Citigroup, Incorporated,

Petitioners Cross-Respondents

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent Cross-Petitioner

On Petitions for Review and Cross-Application
for Enforcement of an Order of the
National Labor Relations Board
NLRB No. 12-CA-130742

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

In this Petition for Review and Cross-Application for Enforcement of the Order of the NLRB ("Board"), the parties' respective summaries of their arguments set forth in their briefs to this court serve to articulate our

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60856

disposition of this matter. The "Summary of the Argument" of Petitioners Cross-Respondents (collectively "Citigroup") states:

In *D.R. Horton Inc. v. NLRB*, 737 F.3d 344 (5th Cir. 2013) and *Murphy Oil, USA v. NLRB*, 808 F.3d 1013 (5th Cir. 2015), petition for rehearing *en banc* denied (5th Cir. No. 14-60800, May 13, 2015), petition for writ of certiorari filed September 9, 2016, this Court found that the Board erroneously held that an employer violates the NLRA by requiring employees to sign an arbitration agreement containing collective/class action waivers. Relying upon controlling United States Supreme Court precedent, this Court explained that the Board's decision failed to afford proper deference to the policies favoring arbitration pursuant to the FAA. In defiance of this Court's clear directive in both of these cases, the Board has issued decisions reaffirming the erroneous legal conclusions that the Board reached in *D.R. Horton* and *Murphy Oil, USA*.

Contrary to the Board's erroneous Decision and Order in the instant case, the EAP does not violate the Act. Through this Petition for Review, Citigroup is not asking this Court to address a typical unfair labor practice case that can be decided in a vacuum of Board precedent. Rather, Citigroup asks that this Court continue to apply its own precedent, which is binding on the Board here, on issues which Congress has chosen to regulate through another statute, namely, the FAA. Four recent decisions of the United States Supreme Court have established the broad preemptive sweep of the FAA. These decisions by the High Court mandate that arbitration agreements be enforced according to their terms, and they reject the application of other state and federal statutes to arbitration agreements in the absence of an express "congressional command" to override the FAA. Additionally, contrary to the Board's erroneous conclusions, the contractual defenses enumerated in the FAA's saving clause are inapplicable to the instant matter and cannot be used to validate the Board's erroneous position in *Citigroup*.

In addition, the Board erred in failing to find this matter to be untimely, as it was clearly filed outside the six-month statute of limitations established by Section 10(b) of the Act. Additionally, the Board erred in concluding Smith was engaged in protected

2

## No. 15-60856

concerted activity when she joined the demand for arbitration in the instant case.

The salient concession in the Board's "Summary of Argument" reads:

> The Board also acknowledges that [the *D.R. Horton* and *Murphy* Oil] cases are dispositive of the issue on review and currently preclude enforcement of the Board's Order. Nevertheless, the Board seeks to preserve the issue in the event of possible *en banc* or Supreme Court review.

Given the Board's candid – and greatly appreciated – concession, we GRANT Citigroup's Petition for Review, REVERSE the Board's decision adverse to Citigroup, and DENY the Board's Cross-Application for Enforcement.